UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

AJIA JACKSON                                CIVIL ACTION NO. 20-cv-0190

VERSUS                                      CHIEF JUDGE HICKS

M T X TRANSPORT, LLC, ET AL                 MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

Ajia Jackson ("Plaintiff") filed this civil action in state court individually and on behalf of her minor child for damages arising out of an auto accident. Defendant Luis Roberto Rios ("Rios") removed the case to this federal court on the basis of diversity jurisdiction, which puts the burden on him to set forth specific facts that show complete diversity of citizenship of the parties and an amount in controversy over $75,000.

The notice of removal states in paragraph 2 that Plaintiff and her minor child are domiciled in Louisiana. The notice also alleges that counsel for Plaintiff confirmed that the amount in controversy exceeds $75,000. Those allegations are sufficient with respect to Plaintiff's citizenship and the amount in controversy. As explained below, the allegations with respect to other parties are not sufficient to meet Rios' burden.

**Citizenship of Rios**

The notice alleges that Rios is "a resident of Harris County, Texas." It is domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of

citizenship.'" Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984). A person may reside in multiple states simultaneously, but "[a]n individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State." Wachovia Bank v. Schmidt, 126 S. Ct. 941, 951 (2006). That is the state in which the person is domiciled. Id.; Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 451 (5th Cir. 2003). Rios will need to file an amended notice of removal that alleges his state of domicile.

**Citizenship of MTX**

The notice of removal states that defendant MTX Transport, LLC "is a Texas corporation doing business in Louisiana." However, the "LLC" in its name suggests that it is a limited liability company rather than a corporation. The citizenship of an LLC is determined by the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

Accordingly, the amended notice of removal must specifically allege the members of MTX and the citizenship of each member.

**Citizenship of Acord**

The notice of removal alleges that defendant Acord Corporation is "a foreign insurance company doing business in Louisiana." The amended notice of removal must specifically allege whether Acord is a corporation or other form of entity. If it is a corporation, the amended notice must allege with specificity Acord's (1) state of incorporation and (2) state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982).

**Deadline for Filing Amended Notice of Removal**

Counsel have not yet appeared for Acord and MTX. Counsel for Rios may not have access to the citizenship information for those two defendants, so the deadline for filing the Amended Notice of Removal is **14 days** after counsel make an appearance for those parties. The attorneys for Acord and MTX are directed to promptly provide counsel for Rios with the necessary citizenship information for their clients so that this preliminary issue may be resolved quickly and efficiently.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of March, 2020.

Mark L. Hornsby
U.S. Magistrate Judge